# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Christopher Vasquez, Jr. (English)     **Dkt. No.:** 22CR00396-001-CAB

**Reg. No.:** 84179-509

**Name of Sentencing Judicial Officer:** The Honorable Cathy Ann Bencivengo, U.S. District Judge

**Original Offense:** 8 U.S.C. § 1324(a)(1)(A)(iii)(v)(I), Conspiracy to Transport Certain Aliens, a Class C felony.

**Date of Sentence:** June 29, 2022

**Sentence:** 8 months' custody; 3 years' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release     **Date Supervision Commenced:** September 29, 2022

**Asst. U.S. Atty.:** James Redd     **Defense Counsel:** Hector Jesus Tamayo (Appointed) (619) 423-3222

**Prior Violation History:** None.

---

### PETITIONING THE COURT
### TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)** Not commit another federal, state, or local crime. | 1. On or about October 4, 2022, Mr. Vasquez committed attempted battery on a peace officer, in violation of California Penal Code § 664/243(B), as evidenced by the El Centro, California, Police Department Incident Report No. 22E-24768. |
| | 2. On or about October 4, 2022, Mr. Vasquez obstructed an executive officer, in violation of California Penal Code § 69(a), as evidenced by the El Centro Police Department Incident Report No. 22E-24768 |

***Grounds for Revocation:*** As to allegations 1 and 2, this officer received the El Centro Police Department Incident Report No. 22E-24768, which confirms the following: On October 4, 2022, at approximately 1410 hours, El Centro Police officer were dispatched to a residence in reference to a subject causing a disturbance with the reporting party. The reporting party informed the El Centro Police dispatcher that the subject had made several threats to her and the family. Upon arrival, officers contacted the subject's girlfriend who informed her boyfriend, later identified as Mr. Vasquez was agitated and acting erratic. She also informed the officers she had gone to the Imperial County Behavioral Health Services to ask about her options in assisting Mr. Vasquez. However, she was advised to call the police department in order for them to respond and assist her. Finally, she told the officers she did not want Mr. Vasquez to go to jail and just wanted to get help for Mr. Vasquez.

The officers entered the apartment where they observed Mr. Vasquez sitting on a reclining sofa just to the right of the entrance. There was loud music playing from the television and officer's asked if the music could be turned down or off. Mr. Vasquez asked the officer "why do you want the fucking music to be turned down?" The officer told Mr. Vasquez that he needed to calm down and that he was there to help him out. Mr. Vasquez then told the officer he did not need any help and suddenly got up from the recliner yelling to the officer to take "him in." At that time, Mr. Vasquez. was facing away from the officer. The officer told Mr. Vasquez to relax. Mr. Vasquez then placed his hands behind his back and was moving his left arm as if he was pulling away from the officer without the officer even holding his arms. After the officer told Mr. Vasquez to relax for a second time, Mr. Vasquez suddenly turned around facing the officer and continued to yell at him to take him in. Mr. Vasquez then got into a fighting stance with his arms down along his body and with clinging both of his fists. Mr. Vasquez then swung his right arm at the officer attempting to strike him. The officer was able to deflect the punch and grabbed Mr. Vasquez by his arm. The officer then took Mr. Vasquez to the ground and with the assistance of additional officers. While on the ground, Mr. Vasquez was resisting by pulling his arms away and placing them under his chest. After a brief struggle, the officers were able to pull Mr. Vasquez's arms from under his chest and were able to restrain him with handcuffs. While in handcuffs, Mr. Vasquez was yelling to the officer that he was going to kill him and shoot him. The officer once again told Mr. Vasquez to relax and that they were only there to help him out. Mr. Vasquez then said "fuck you" to the officer several times and told the officer he was going to spit at his face. Mr. Vasquez was placed under arrest and transported to the El Centro Regional Medical Center for medical clearance. Once medically cleared, Mr. Vasquez was transported to the Imperial County Jail where he remains as of this writing.

PROB12(C)
Name of Offender: Christopher Vasquez, Jr.      October 11, 2022
Docket No.: 22CR00396-001-CAB      Page 3

This officer has been unable to obtain a copy of the complaint filed in the Superior Court of California, County of Imperial, Docket No. JCF006211. However, this officer learned Mr. Vasquez was charged with obstructing/resisting executive officer. Mr. Vasquez's next court hearings are scheduled as follows: October 11, 2022, for a Humphrey's Assessment/Readiness hearing; and October 19, 2022, for a preliminary hearing.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Mr. Vasquez was released from federal custody on September 29, 2022. Unfortunately, on October 4, 2022, he was arrested as alleged herein. Mr. Vasquez had not yet reported to the U.S. Probation Office for his initial interview.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

As this officer did not have an opportunity to interview Mr. Vasquez not much more is known about him other than what is already included in the presentence report prepared for the underlying offenses.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: USSG §7B1.1(b), p.s., indicates that where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. In this case the most serious conduct involves Attempted battery on a peace officer which constitutes a Grade A violation. USSG §7B1.1(a)(1)(i), p.s.

Upon a finding of a Grade A violation the court shall revoke supervised release. USSG §7B1.3(a)(1), p.s.

A Grade A violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 12 to 18 months.** USSG § 7B1.4, p.s.

Finally, if supervised release is revoked and a term of imprisonment is imposed, the court shall order that the term of imprisonment be served consecutively to any sentence of imprisonment the offender may be serving. USSG §7B1.3(f), p.s.

### REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>3 years</u> supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

**JUSTIFICATION FOR BENCH WARRANT**

Mr. Vasquez is already in state custody. The issuance of a warrant will ensure the U.S. Marshals take Mr. Vasquez into federal custody in order to bring him before Your Honor to answer to the allegations included in this report.

**RECOMMENDATION/JUSTIFICATION**

As previously indicated, Mr. Vasquez was recently released from custody and had yet to report for supervision. At this time, it is unknown if Mr. Vasquez suffers from mental health issues, or if his erratic behavior was the result of a drug induced psychosis. With the aforementioned in mind, should Mr. Vasquez be found to be in violation, it is respectfully recommended supervise release be revoked and he be sentence to three months' custody, consecutive to the sentence imposed by the state. Reimposition of a 30-month term of supervised release is also recommended with the same conditions previously imposed, and with the following added condition:

- Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: October 11, 2022**

Respectfully submitted:  
DANIEL J. KILGORE  
CHIEF PROBATION OFFICER

Reviewed and approved:

by Obed Flores  
Senior U.S. Probation Officer  
(760) 339-4217

Larry Huerta  
Supervisory U.S. Probation Officer

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Vasquez, Christopher Jr

2. **Docket No.** (Year-Sequence-Defendant No.)**:** 22CR00396-001-CAB

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

   | **Violation(s)** | **Grade** |
   |---|---|
   | Attempted battery on a peace officer | A |
   | obstructing/delaying executive officer | B |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                                     [    A    ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                                              [    I    ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                                  [ 12 to 18 months ]

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

   | | | | |
   |---|---|---|---|
   | Restitution ($) | | Community Confinement | |
   | Fine($) | | Home Detention | |
   | Other | | Intermittent Confinement | |

**THE COURT ORDERS:**

__x__  AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____  DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____  Other _____

_____

_[signature]_

The Honorable Cathy Ann Bencivengo
U.S. District Judge

10/11/2022
Date