PROB 12C  
(06/17)

March 15, 2023  
pacts id: 7795191

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Christopher Vasquez, Jr. (English)  **Dkt. No.:** 22CR00396-001-CAB

**Reg. No.:** 84179-509

**Name of Sentencing Judicial Officer:** The Honorable Cathy Ann Bencivengo, U.S. District Judge

**Original Offense:** 8 U.S.C. § 1324(a)(1)(A)(iii) and (v)(I), Conspiracy to Transport Certain Aliens, a Class C felony.

**Date of Revocation Sentence:** January 6, 2023

**Sentence:** Time served (53 days' custody); 30 months supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release      **Date Supervision Commenced:** January 6, 2023

**Asst. U.S. Atty.:** Mark Roland Rehe      **Defense Counsel:** Hector Jesus Tamayo (Appointed) (619) 423-3222

**Prior Violation History:** Yes. Please refer to prior court correspondence.

## PETITIONING THE COURT
## TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following conditions of supervision:

| CONDITION(S) | ALLEGATIONS OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)**<br>Not commit another federal, state, or local crime. | 1. On or about February 26, 2023, Mr. Vasquez trespassed by refusing to leave private property, in violation of California Penal Code § 602(o), a misdemeanor, as evidenced by the complaint filed in Superior Court of California, County of Imperial, Case No. ECM0011303.<br><br>2. On or about February 26, 2023, Mr. Vasquez resisted, delayed, or obstructed a peace officer, in violation of California Penal Code § 148(a)(1), a misdemeanor, as evidenced by the complaint filed in Superior Court of California, County of Imperial, Case No. ECM0011303. |

PROB12(C)

| | |
|---|---:|
| Name of Offender: Christopher Vasquez, Jr. | March 15, 2023 |
| Docket No.: 22CR00396-001-CAB | Page 2 |

***Grounds for Revocation:***  As to allegations 1 and 2, this officer received and reviewed the El Centro Police Department Incident Report No. 23E-05253 and the complaint filed in Superior Court of California, County of Imperial, Case No. ECM0011303, which confirm the following:  On February 26, 2023, at approximately 1809 hours, El Centro Police Department officers were dispatched to Cinemark, located at 3651 South Dogwood Avenue, in El Centro, in reference to two subjects trying to fight mall security.  The reporting party further informed the El Centro Police dispatcher that there were a total of five subjects fighting with a second group of subjects.  Moments later, dispatch advised the subjects were no longer in a physical altercation and that both groups had gone their separate ways.

Upon arrival, one of the El Centro Police officers contacted a mall security officer on the north side of Cinemark.  The security officer advised that the original group they had been dealing with was on the south side of the building by the old Sears parking lot.  While talking to the police officer, the security officer was informed by a coworker that he was watching the subjects through the security cameras, loading what appeared to be a firearm magazine.

The police officer proceeded to drive around the property when a second police officer radioed that the male subjects were running southbound from his location.  Upon arriving to the south end of Cinemark, the police officer observed a Hispanic male adult, wearing a purple and yellow jersey with beige pants, running northbound next to the east wall of the Cinemark building.  The officer began pursuing the subject, later identified as Dominic Castro.  After a short pursuit, Castro was detained and handcuffed by the police officer.  While retrieving Castro's wallet in order to obtain his identification, the officer noticed a small white cylinder pill.  When asked, Castro informed the officer the pill was Xanax and admitted to not having a prescription for it.

Another police officer, who also responded to the location, saw two subjects running wearing all black; one of them was also wearing a black mask covering his face.  The officer exited his patrol vehicle, and the subject wearing the black mask ran away towards Cinemark.  The other subject, later identified as Mr. Vasquez, ran west through the parking lot.  The officer entered his vehicle and followed Mr. Vasquez until he entered a bush area, where the officer lost sight of him.  However, a few moments later, Mr. Vasquez ran out of the bush area and continued to run west through the parking lot.  The officer once again exited his vehicle and began to run after Mr. Vasquez.  The officer quickly caught up to Mr. Vasquez and pushed him onto his back, causing Mr. Vasquez to fall on his stomach.  The officer then placed Mr. Vasquez in handcuffs.

At the same time, additional police officers who had arrived at the scene detained the other three subjects.  The subjects were identified as Salvador Valenzuela, Anthony Paul Hernandez and Gibram Rodelo Torres.  Moments later, one of the mall security officers arrived at the location of the police officers and positively identified all the subjects as the group that wanted to fight security and who were in a physical altercation with the other group inside the mall.

The security officer informed the police officer that he and his co-worker had approached the subjects earlier during the day, after Hernandez had refused to comply with mall policy by not removing his ski mask.  According to the security officer, Hernandez had been asked to remove his ski mask several times, but he refused to comply.  Instead, the subjects started getting aggressive towards the security officers and began trying to instigate a fight.  The security officer proceeded to escort the five subjects out of the mall.  Once they reached the parking lot, Torres went up to one of the security officers and shoulder-shoved him.  In addition, Torres took a swing at the security officer, but missed.  The security officer retreated in order to avoid a physical altercation and then called police after noticing the five subjects walking back towards the mall.  Moments later, the five subjects got into a physical altercation with another group and then left running towards the southeast parking lot.  The security officer did not follow the subjects and instead went to the security office to look at the security cameras to try to

get a clear picture of where they were going.  While looking at the cameras, the security officer observed the five subjects go to a blue BMW, where he saw them loading what appeared to be a firearm magazine.
Moments later, one of the officers informed via radio that he had located a backpack containing a black 9mm Smith and Wesson MP Shield handgun, a 12 round 9mm magazine, and documentation with Torres' name on it.  At that time, all subjects were arrested for trespassing, refusal to leave, and for resisting arrest.  Post-arrest, Mr. Vasquez declined to make any statements to the police officer about the incident.

On February 28, 2023, a four-count complaint was filed in Superior Court of California, County of Imperial, Case No. ECM0011303, charging Mr. Vasquez misdemeanor violations of California Penal Code § 602(o), trespassing by refusing to leave private property, and California Penal Code § 148(a)(1), resisting, delaying, or obstructing a peace officer.  As of this writing, Mr. Vasquez remains in custody at Imperial County Jail, and he is scheduled for a readiness conference on March 20, 2023.

| **(Mandatory Condition)**<br>The defendant must not illegally possess a controlled substance.  The defendant must refrain from any unlawful use of a controlled substance.  Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.  Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. | 3. On February 21 and 22, 2023, Mr. Vasquez failed to comply with drug testing requirements, as instructed by the probation officer, in that he failed to submit urine samples at GEO Reentry Services, as required. |
|---|---|

**_Grounds for Revocation:_** As to allegation 3, this officer received and reviewed the Chain of Custody for Drug Analysis forms, which confirm that on the above-noted dates, Mr. Vasquez failed to submit urine samples as required.  On January 10, 2023, the probation officer reviewed written instructions for drug testing with Mr. Vasquez, and he acknowledged receipt of the instructions with his signature.  Specifically, Mr. Vasquez was instructed to call the drug testing line after 8:15 pm., before each testing day, and report for testing when instructed to do so by the automated recording.  Testing days are Monday through Friday.

**VIOLATION SENTENCING SUMMARY**

**SUPERVISION ADJUSTMENT**

Mr. Vasquez was released from federal custody on January 6, 2023.  This time around, Mr. Vasquez appeared to be more receptive to the supervision process.  When he reported to the probation office for his initial intake, it was evident to the probation officer that Mr. Vasquez would benefit from a mental health assessment.  While at the probation office, Mr. Vasquez was set up with an intake appointment with Imperial County Behavioral Health Services and was also set up with random drug testing.  Unfortunately, Mr. Vasquez was arrested, as alleged herein, before the mental health assessment was completed.

**OFFENDER PERSONAL HISTORY/CHARACTERISTICS**

Mr. Vasquez is a 19-year-old single man.  He has never been married and has not fathered any children.  He was last residing with his grandmother in El Centro, California.  Mr. Vasquez did not graduate from high school and

has not obtained his GED.  In addition, his employment history is limited to a few months of construction work as well as working as an agricultural laborer.

Although the instant offense is Mr. Vasquez's first criminal conviction, he has several arrests, most of them as a juvenile, for alien smuggling; possession of stolen property; possession of a loaded firearm while under the influence of drugs; possession of a firearm with an altered or obliterated serial number; minor in possession of a firearm; minor in possession of ammunition; and for driving without a license.

Lastly, as to his substance abuse history, Mr. Vasquez admitted to past marijuana use.

## SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years.  18 U.S.C. § 3583(e)(3).

**USSG Provisions**: The allegations (trespassing by refusing to leave private property; resisting, delaying or obstructing a peace officer; and failure to submit urine sample for drug testing) constitute Grade C violations. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade B violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 3 to 9 months.**  USSG § 7B1.4, p.s.

Finally, if supervised release is revoked and a term of imprisonment is imposed, the court shall order that the term of imprisonment be served consecutively to any sentence of imprisonment the offender may be serving. USSG §7B1.3(f), p.s.

### REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody.  The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of  34 months and 7 days' supervised release, less any term of imprisonment imposed upon revocation.  The Court has imposed an aggregate of 53 days' custody in this case. 18 U.S.C. § 3583(b).

### JUSTIFICATION FOR BENCH WARRANT

Mr. Vasquez is currently in local custody.  The issuance of a warrant will ensure the U.S. Marshals take Mr. Vasquez into federal custody in order to bring him before Your Honor to answer to the allegations included in this report.

PROB12(C)

| | |
|---|---|
| Name of Offender: Christopher Vasquez, Jr. | March 15, 2023 |
| Docket No.: 22CR00396-001-CAB | Page 5 |

**RECOMMENDATION/JUSTIFICATION**

Mr. Vasquez finds himself before Your Honor for a second time for revocation proceedings in this matter. As was the case during his previous revocation, Mr. Vasquez once again engaged in criminal conduct. He trespassed, resisted arrest, and associated with antisocial peers, one of whom was apparently in possession of a firearm and ammunition during the commission of the offense. It is noted the alleged violations occurred within weeks of the commencement of Mr. Vasquez's supervision term.

The violation conduct is viewed as a serious breach of the Court's trust, particularly considering that during for his previous revocation, the Court generously sentenced Mr. Vasquez to time served (53 days). With the aforementioned in mind, should Mr. Vasquez be found to be in violation of his conditions, it is respectfully recommended supervised release be revoked and he be sentenced to 9 months' custody, to be served consecutively to any custodial sentence he may be serving. Reimposition of supervised release is not recommended as Mr. Vasquez is currently also under the supervision of the Imperial County Probation Department and where it is hoped he can take advantage of the services provided to him.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on: **March 15, 2023**

Respectfully submitted:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

by

Obed Flores
Senior U.S. Probation Officer
(760) 339-4217

Reviewed and approved:

Lorena Gonzalez
Supervisory U.S. Probation Officer

PROB12CW                                                                                                         March 15, 2023

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Christopher Vasquez, Jr.

2. **Docket No.** (Year-Sequence-Defendant No.)**:** 22CR00396-001-CAB

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

   | Violation(s) | Grade |
   |---|---|
   | Trespassing by refusing to leave private property | C |
   | Resisting, delaying or obstructing a peace officer | C |
   | Failure to submit urine sample for drug testing | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                         [    C    ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                                 [    I    ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                           [  3 to 9 months  ]

7. **Unsatisfied Conditions of Original Sentence**:  List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

   | | | | |
   |---|---|---|---|
   | Restitution ($) | | Community Confinement | |
   | Fine($) | | Home Detention | |
   | Other | | Intermittent Confinement | |

PROB12(C)

| | |
|---|---|
| Name of Offender: Christopher Vasquez, Jr. | March 15, 2023 |
| Docket No.: 22CR00396-001-CAB | Page 7 |

**THE COURT ORDERS:**

__x__   AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

(Currently in custody at Imperial County Jail, under booking no. 23-0411)

_____   DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____   Other _____

_[signature]_                                                                                               3/15/2023

The Honorable Cathy Ann Bencivengo                                         Date
U.S. District Judge